MEMORANDUM **
Michael Lamont Owens (“Owens”) appeals from the denial of his habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The District Court granted a certificate of appealability (“COA”) on Owens’ ineffective assistance of counsel claims. We have jurisdiction under 28 U.S.C. § 2253 and 28 U.S.C. § 1291. Under the Antiterrorism and Effective Death Penalty Act .(“AED-PA”), we determine whether the state com*t’s adjudication of Owens’ claims was contrary to, or involved an unreasonable application of, Supreme Court precedent. See 28 U.S.C. § 2254(d). We conclude that it was not and affirm.[1]
1. Ineffective Assistance of Counsel To show that counsel rendered ineffective assistance, a petitioner must show that counsel’s performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel’s error, the result of the proceeding would have been different. See Strickland v. Washington, 466 U.S. 668, 688-94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
First, Owens contends that he received ineffective assistance of counsel at *598 trial because his counsel was subject to disciplinary proceedings by the California State Bar. However, we have stated that even if an attorney has pending disciplinary proceedings against him, it is still proper to apply the Strickland standard to counsel’s conduct at trial. See Young v. Runnels, 435 F.3d 1038, 1043 (9th Cir.2006), cert. denied, 549 U.S. 1033, 127 S.Ct. 579, 166 L.Ed.2d 433 (2006). The mere fact that an attorney is under investigation by the state bar does not, standing alone, constitute deficient performance and prejudice necessary to prevail on a Sixth Amendment claim for ineffective assistance of counsel. See id.
Next, Owens argues that counsel failed to call witnesses who saw a different party running from the crime scene. He also asserts that counsel failed to argue a “drug deal gone bad” defense theory at trial, and that counsel failed to request a third-party culpability jury instruction. However, in light of the evidence implicating Owens at trial as well as the substantial evidence from which a jury could conclude that there was a planned robbery or burglary, Owens fails to show to a reasonable probability that the result would have been different had counsel called additional witnesses or advanced a different theory at trial. Accordingly, we conclude that the state court’s rejection of Owens’ ineffective assistance of counsel claims was not contrary to, or an unreasonable application of, Supreme Court precedent.
2. Uncertified Issues
Owens also contends that the trial court erred in failing to instruct the jury on third-party liability. He argues that this omission violated his due process rights under the Fourteenth Amendment. Owens also asserts that this omission deprived him of a meaningful opportunity to present a defense. These issues were not certified for appeal by the District Court. We decline to expand the COA.[2]
A court should grant a COA if a petitioner can show “that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.” Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Any error in a state court’s determination of whether state law allowed for a jury instruction is not a basis for federal habeas relief. See Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991)(stating that it is not the province of a federal habeas court to reexamine a state court’s determination of state law). The error in the jury instructions must involve fundamental fairness and “a claim that a court violated a petitioner’s due process rights by omitting an instruction requires a showing that the error so infected the entire trial that the resulting conviction violate[d] due process.” Menendez v. Terhune, 422 F.3d 1012, 1029 (9th Cir.2005)(internal quotation marks and citation omitted). Owens’ burden is “especially heavy” because an omission is less likely to be prejudicial than a misstatement of law. See Henderson v. Kibbe, 431 U.S. 145, 155, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977).
Jurists of reason would not debate that Owens failed to validly state a denial of his constitutional rights with respect to *599 these uncertified claims. The jury instruction omission did not so infect the entire proceeding to entitle Owens to habeas relief. Stated differently, the failure of the trial court to instruct the jury on third-party culpability did not violate Owens’ due process rights. As previously noted, there was substantial evidence implicating Owens. Additionally, the trial court’s failure to sua sponte give a third-party culpability instruction did not prevent Owens from presenting a defense. Cf. Mathews v. United States, 485 U.S. 58, 63, 108 S.Ct. 883, 99 L.Ed.2d 54 (1988)(stating that a defendant is entitled to a jury instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor). Indeed, Owens pursued his (albeit weak) defense of innocence at trial.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. These two issues were the only uncertified claims raised by Owens in his appellate brief. Therefore, to the extent that Owens raised other claims in District Court (such as alleged improper admission of character evidence), these claims are waived. See Sanchez v. Pac. Powder Co., 147 F.3d 1097, 1100 (9th Cir.1998)(staling party's failure to raise issue in opening brief constitutes waiver).